## PULLENS v PRUDENTIAL INS CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2814.   Decided Oct 15, 1937

Carl H. Valentine, Columbus, for defendant-appellee.

Kohn & Yaw, Columbus, for plaintiff-appellant.

## OPINION

By GEIGER, J.

This cause is before this court upon appeal on questions of law, from the order of the Court of Common Pleas instructing a verdict on behalf of the defendant after the introduction of the evidence of plaintiff.

The amended petition alleges that one Robert E. Lutz was in the employ of the defendant, as agent, in the performance of his duty in behalf of the defendant; that on the 24th day of April, William C. Pullins, five years of age, was walking across Eighteenth Avenue at a point where the same intersects Cleveland Avenue in the city of Columbus; that Lutz was driving in the direction of Eighteenth Avenue and negligently drove his automobile against William, injuring him as in the petition alleged. The petition sets out alleged negligent acts upon behalf of Lutz, the driver of the car. The action is brought by Luther Pullins, the father of William, to recover

for medical expenses and anticipated loss of services of the boy during his infancy.

The answer denies all allegations of the petition, and alleges that the plaintiff carelessly allowed his child of tender years to be at large upon the public street of Columbus, without proper supervision or restraint, and that if the child was injured it was due to the negligence of the father.

This action sets up the same alleged facts as a former action brought by Luther Pullins, the father, on behalf of his child, seeking to recover damages for the injuries suffered by the child. In that action the trial court, as in this, directed a verdict on behalf of the defendant, and that judgment of the court in this respect was reviewed by this court in cause No. 2688. This court sustained the action of the court below in directing a verdict on behalf of the defendant.

The court below in this case based its action in instructing a verdict, upon the opinion of this court in the former case.

The testimony in this action discloses that Lutz was employed by the defendant, as its agent, to make collections within a certain territory in the northeast part of Columbus from those who held policies in the company. The territory served by the agent extended from Chittenden Avenue to Eighteenth Avenue, east from Cleveland Avenue to the railroad, and on the west side of Cleveland Avenue from 22nd to 24th Avenues west to their end. The agent had charge of what is known as a "debit," which is a weekly collection on industrial insurance and a monthly collection on intermediate insurance.

The evidence tends to show that on April 24th, 1935, at about 3:30 in the afternoon Lutz, coming southward on Cleveland Avenue, turned to his left on Eighteenth Avenue, and observed the child with a companion playing in a vacant lot near the curb of Eighteenth Avenue, a street about twenty-five feet in width. He drove eastward for 125 feet from the intersection at a speed of about fifteen miles, and his attention was first attracted by his left tender striking some object; he then heard the cry of the child; he stopped his machine and found the child between the front and rear wheel on the left side; he picked the boy up and carried him to his home near by, and afterwards to the hospital, where he received medical attention.

In the former case the written contract between the defendant and Mr. Lutz, was not submitted in evidence. In that case the child did not testify. The testimony of Lutz is the identical deposition used in the first case, and that of Mrs. McDonald is the same as her evidence in the former case. Henry N. Weiting, Jr., a Superintendent, and Glenn Heath, an Assistant Superintendent, gave oral testimony in the present case.

The evidence disclosed by the written contract was that Lutz was paid a weekly salary and was to devote his entire time to the services of the company. In this case the written contract between him and the defendant was introduced. Nothing appears in that contract as to the method to be used by Lutz in covering the territory. Lutz, in his deposition, states that in a conversation he had with Mr. Weiting, the Columbus Superintendent, prior to signing the written contract, Weiting "explained to me that the debit made the northeast part of the city of Columbus, and that it was split debit and it would be necessary that I should have a car to call on the debtors within the territory," and that he told Mr. Weiting that he had a car. Both Weiting and Heath, the Superintendents for the Company, deny that they had any conversation with Lutz in reference to the use of a car, Mr. Weiting stating in answer to a question as to what was said by him and Lutz about the use of his automobile, "I don't believe it was ever mentioned." The use of a car, however, by the agent, Lutz, was not forbidden. The testimony of Heath is substantially to the same effect.

The judge delivering the opinion of this court in the former case recites the facts more at length, in reference to the automobile and the law governing the liability of the defendant, and states:

"If nothing were contained in the contract relative thereto, then there might arise, under certain situations, a question as to whether or not the use of an automobile was a necessary incident."

It is claimed that in the present case sufficient evidence has been introduced as to the character of the district to be covered and the number of collections to be made to justify the jury in finding that the use of an automobile was a necessity, and that the principles enumerated in the case of Dillon, respondent v Prudential Insurance Company, 75 California Appellate, 266, control. It is there held that in an action against an insurance company and one of its agents for damages suffered through the alleged negligence of the agent in his oper-

ation of an automobile owned and driven by him, the evidence was sufficient to sustain a conclusion of the jury that the use by the agent of his own automobile was within the scope of his employment, and that at the time of the accident the agent was engaged in performing duties required by his contract and in a manner reasonably contemplated by the insurance company, and that the question of whether or not it was reasonably contemplated that the agent should use an automobile in the performance of his duties was a question to be submitted to the jury. The territory to be covered by the agent in that case was an extensive portion of the State, whereas that to be covered by the agent in this case was a restricted group of city blocks. It is true that the agent was required to come to the Superintendent's office three or four times a week and that considerable distance would have to be covered, not only to do this, but in the collection of the dues from the policyholders.

We have been cited to **Shickling v The Post Publishing Co., 115 Oh St 589,** as being authority for the conclusion that the defendant would not be liable for the agent's negligent use of the automobile, but we are now of the view that that case should be confined to the question as to whether or not the person causing the accident was an agent or an independent contractor. It seems to us there is no question open in this case that Lutz was an agent and not an independent contractor. We think the more appropriate case to determine the liability of the company on account of the accident arising from the use of the automobile is that of **Life Insurance Company v Huff, 128 Oh St 469,** in which Weygandt, C.J., at page 471, says:

"It further appears that Huff had been assigned a certain territory; that he was given no specific working hours; that in the performance of his duty he was at liberty to proceed in any manner he pleased; that he was held responsible by the defendant merely for results produced; that the defendant furnished him no automobile and made no allowance for the operation or repair of his own car. Under these circumstances it is extremely difficult to detect even the proverbial scintilla of bygone days."

This case seems to us sufficient authority to justify a holding that under the facts disclosed there was no showing that the use of the automobile was authorized or required by the defendant or that its use by Lutz was under such conditions as to make the defendant liable for negligence in its operation. However, we are not passing upon that question finally at this time, as the more important question seems to be whether or not there was any evidence showing any negligence upon the part of Lutz.

This court in the former case, under the same testimony in reference to the accident save that furnished by the child himself who was not a witness in that case, but is in this, held that there was no showing of negligence on the part of Lutz. Examining the testimony of the child, it discloses no act on the part of Lutz to show any negligence upon his part in the operation of the car.

The court in the former case, speaking as to the claim that no negligence was shown, said:

"On the second question we agree that there was no evidence presented of negligence on the part of the driver of the car that could be said to be proximate cause of the accident."

Believing, as we do, that the evidence offered failed to show actionable negligence on the part of the driver of the car, we do not feel that it is necessary to pass upon the question as to whether, if there had been negligence, the defendant, under the conditions shown, would have been liable. We believe that the court did not err in instructing a verdict.

Judgment accordingly.

BARNES, PJ, and HORNBECK, J, concur.